IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| vs. | § 1:22-CR-00010-RP |
| | § |
| JACOREY WASHINGTON (4) | § |

**ORDER OF DETENTION PENDING TRIAL**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, in particular, Washington's alleged participation in a conspiracy to distribute the highly dangerous drugs fentanyl and carfentanil, along with other illegal narcotics;

- the weight of the evidence against the person, namely, evidence of Washington's possession of methamphetamine and heroin pills, carfentanil powder, and firearms, along with evidence of Washington's

1

- making arrangements for and carrying out sales of pills containing carfentanil;

- Washington's history and characteristics, including—(A) his history of mental-health issues, his history of substance abuse, his lack of recent legitimate employment, his lengthy criminal history (including multiple convictions of violent crimes and crimes involving firearms), his history of convictions involving bail jumping and evading law enforcement officers, his history of violations of the terms of probation and parole; and (B) at the time of the current offense, Washington was on parole for an offense under State law;

- Washington's numerous convictions for assault, including assaults on members of his family and household, reflecting the seriousness of danger his release would pose both to members of his household and to the community at large; and

- finally, the rebuttable presumption in 18 U.S.C. § 3142(e)(3) that detention is needed because the crime charged is a narcotics offense for which the maximum penalty is ten years or more.

This record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person.

## DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections

facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED March 10, 2022.

                                            DUSTIN M. HOWELL
                                            UNITED STATES MAGISTRATGE JUDGE