UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JACOREY WASHINGTON,** § | | |
| *Petitioner* § | | |
| § | | |
| v. § | No. 1-24-CV-00311-RP | |
| § | No. 1-22-CR-00010-RP | |
| § | | |
| **UNITED STATES OF AMERICA,** § | | |
| *Respondent* § | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before the Court is Jacorey Washington's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. 194. The undersigned submits this report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. The undersigned recommends denying Washington's motion.

### I.  BACKGROUND

Washington was indicted, along with three others, for conspiracy to distribute carfentanil, fentanyl, and methamphetamine. Dkt. 6. Washington pleaded guilty to the indictment, pursuant to a plea agreement, in which he admitted that he had conspired to distribute certain drugs. Dkt. 150, at 3. During his plea colloquy, Washington testified that the "detailed written facts set out within [his] plea agreement" were true and confirmed that he had entered into the plea agreement

1

voluntarily. Dkt. 196, at 14-15, 18, 33. The Court also determined that Washington entered into his plea agreement freely and voluntarily. Dkt. 196, at 34.

Under the plea agreement, the parties recommended to the Court a sentence of 100 months imprisonment to be followed by a term of supervised release. Dkts. 150, at 2; 196, at 17. The presentence investigation report recommended a sentence a guideline range of 110 to 137 months of imprisonment based on the offense and Washinton's criminal history. Dkt. 175, at 30. The District Court sentenced Washington to a below-guidelines sentence of 70 months of imprisonment, followed by a three-year term of supervised release. Dkt. 191, 2-3.

Washington has now filed a § 2255 motion asking the Court to reduce his sentence based on his claims of ineffective assistance of counsel. Dkt. 194. The government filed a response in opposition to Washinton's motion to vacate. Dkt. 198.

## II.     LEGAL STANDARD

Under § 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude … and may not raise an issue for the first time on collateral review without showing both 'cause' for his

procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). A petitioner's claim that he received ineffective assistance of counsel is a mixed question of law and fact which is reviewed *de novo*. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

### III. DISCUSSION

To prevail on his ineffective assistance of counsel claims, Washington must establish that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 694 (1984); *Chavez*, 193 F.3d at 378 ("In a habeas proceeding alleging ineffective assistance of counsel, the petitioner has the burden of proof."). To satisfy the second prong in the context of a guilty plea, "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Washington raises claims of ineffective assistance of counsel, alleging that his lawyer misled him into "taking a plea that [he] was very uncomfortable with," and that he felt he "had no choice" but to accept the plea agreement. Dkt. 194, at 4. Washington further alleges that he requested a mental health evaluation but that it

3

"was never done." *Id*. Neither of Washington's ineffective assistance of counsel claims have merit and thus can be denied without a hearing. *U.S. v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." (citing *U.S. v. Auten*, 632 F.2d 478 (5th Cir. 1980))).

First, Washington's claim that he did not voluntarily enter into his plea agreement is contradicted by the record. In his plea agreement, Washington affirmed the voluntariness of his agreement to plead guilty, including that he was "satisfied with the advice given by counsel." Dkt. 150, at 8, 10. During his plea colloquy, Washington further confirmed that he was satisfied with his attorney's representation and had no "complaints whatsoever" about his attorney's performance in his defense. Dkt. 196, at 9-10. Washington testified that no one had forced or threatened him to plead guilty, that his attorney had reviewed the charge with him, and that he understood the terms of the plea agreement. *Id*. at 14-15, 18, 30-31. Washington's counsel, Jana Ortega, also provided an affidavit in support of the government's response, averring that she and Washington "discussed on several occasions" the risks of proceeding to trial, and that Washington indicated that he "would be ok" with the proposed sentence in the plea agreement. Dkt. 198-1, at 3.

Washington's statements in open court confirming the voluntariness of his agreement to plead guilty create a presumption that the plea is valid. *Matthew v. Johnson*, 201 F.3d 353, 366 (5th Cir. 2000) (noting that when a defendant "state[s] at

4

his hearing that his plea [is] freely and voluntarily made, and that he underst[ands] the nature of the charges against him and the nature of the constitutional rights he [is] waiving … [t]hese statements act to create a presumption that in fact the plea is valid"). Aside from his perfunctory claim that he was misled and felt he had "no choice" in deciding to plead guilty, Dkt. 194, at 4, Washington offers no basis for overcoming the "formidable barrier" created by his statements during the plea hearing as well as the Court's finding that Washington voluntarily agreed to plead guilty. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."). Washington's ineffective assistance of counsel claim challenging the voluntariness of his plea should be denied.

Second, Washington's claim that his attorney provided ineffective assistance of counsel because he requested a mental health evaluation that was never done is also belied by the record. Dkt. 194, at 4. Washington disclaimed having any mental health condition throughout his proceedings, including in his plea agreement and during his plea colloquy. Dkts. 150, at 8; 196, at 9. Washington's attorney also confirmed through her affidavit that she discussed the issue of competency with Washington, and that she "never witnessed" any behavior on his part that would have suggested that he was not competent to stand trial. Dkt. 198-1, at 2-3. Washington did not raise any issue regarding his mental competency with the Court or, according

5

to Ortega, with his attorney during the pendency of his criminal case. *See* Dkt. 198-1.

In his present motion, Washington does not allege that he suffers from a mental health disorder but rather asserts, without more, that the failure to procure a mental health evaluation rendered his counsel ineffective. Dkt 194, at 4. Yet "[t]he subsequent presentation of conclusory allegations [though a habeas motion] unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Allison*, 431 U.S. at 74. Washington's ineffective assistance of counsel claim based on the failure of his counsel to procure a mental health evaluation should be denied.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **DENY** Jacorey Washington's Motion to Vacate, Set Aside, or Correct Sentence, Dkt. 194. The referral in this case is **CANCELED**.

## V.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(B). Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, effective as amended on February 1, 2010, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, a certificate of appealability should not be issued.

## VI.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous,

conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 2, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE